IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TIMOTHY RYDELL MONTGOMERY**                                          **MOVANT**

v.                                                                    **No. 1:11CR27-SA-DAS**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Timothy Rydell Montgomery to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus* under 28 U.S.C. § 2241 or 2254, a motion under § 2255 permits only four bases for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violations or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section

2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980). For certain "structural" errors, relief follows automatically once the petition proves error. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir.2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

On February 24, 2011, Timothy Montgomery was charged in a four-count Indictment. Count One charged him and Ryan D'Andre Hearn, who is not named as a defendant in the Indictment, with knowingly and willfully conspiring to steal firearms that had been transported in interstate commerce in violation of 18 U.S.C § 922(u). Count Two charged, under 18 U.S.C. §§ 2, 922(u), and 924, that Montgomery and Hearn, aided and abetted by each other, did knowingly steal and unlawfully take and carry away firearms that had previously been transported in interstate commerce. Count Three charged that Montgomery possessed firearms which had been transported in interstate commerce with the knowledge and having reasonable cause to believe the firearms were stolen in violation of 18 U.S.C §§ 922(j) and 924. Count Four charged Montgomery with possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court accepted Montgomery's guilty plea to Counts Two and Four of the Indictment on January 4, 2012. Counts Two and Four were then grouped for sentencing guideline calculation purposes. PSR ¶ 23.

The United States Sentencing Guidelines ("U.S.S.G.") for an 18 U.S.C. § 922(g)(1) and (u) offense are found in U.S.S.G. § 2K2.1(a)(6)(A), which provides a base offense level of 14 if the defendant was a prohibited person at the time the offense was committed. As Montgomery had been convicted of two felony offenses, he qualified as a prohibited person; thus, his base offense level was 14. PSR ¶ 24. Two levels were added under U.S.S.G. § 2K2.1(b)(1)(A) because three firearms were involved. PSR ¶ 25. Two more levels were added under U.S.S.G. § 2K2.1(b)(4)(A) since the firearms were stolen. PSR ¶ 26. Because Montgomery possessed the firearms in connection with another felony, namely Aggravated Assault and Robbery, four levels were added under U.S.S.G. § 2K2.1(b)(6)(B). PSR ¶ 27. This resulted in an adjusted offense level of 22. U.S.S.G. § 2K2.1(c)(1)(A) provides that U.S.S.G. § 2X1.1 should be applied "[i]f the defendant used or possessed any firearm . . . in connection with the commission . . . of

another offense . . . if the resulting offense level [calculated according to U.S.S.G. § 2X1.1] is greater than that determined using U.S.S.G. § 2K2.1. PSR ¶ 29. Thus, each section should be used to calculate an offense level, and the court should apply the higher of the two to the defendant.

U.S.S.G. § 2X1.1(a) provides that the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline, is the base offense level to be used. The guideline for a Robbery offense is found in U.S.S.G. § 2B3.1(a), which provides for a base offense level of 20. PSR ¶ 30. This was increased by six levels in accordance with U.S.S.G. § 2B3.1(b)(2)(B) since one or both of the defendants "otherwise used" the firearm by striking a victim. PSR ¶ 12, 13, 31. Four more levels were added under U.S.S.G. § 2B3.1(b)(3)(B) because a victim of the offense sustained serious bodily injury. PSR ¶ 12, 32. One more level was added under U.S.S.G. § 2B3.1(b)(6) because a firearm was taken in the commission of the offense. PSR ¶ 33.

Under these calculations, the adjusted offense level was 31. Under U.S.S.G. § 2X1.1(a), the court applied greater offense level of 31. Montgomery received a three level reduction for acceptance of responsibility. PSR ¶¶ 40-41. This resulted in a total offense level of 28. Montgomery's criminal history category was V. PSR ¶¶ 45-60. Based on his total offense level of 28 and his criminal history category of V, the guideline imprisonment range was 130 months to 162 months. PSR ¶ 76. His statutory range of imprisonment was a maximum term of ten years for each Count Two and Count Four. PSR ¶ 75.

Montgomery's sentencing hearing was held on October 31, 2012, and the court entered judgment on November 16, 2012: 120 months imprisonment each for Counts Two and Four, to run concurrently, and to three years of supervised release on each of Counts Two and Four, also

to run concurrently. Montgomery filed the instant Motion to Vacate under 28 U.S.C. § 2255 on November 1, 2013, raising the following grounds for relief:

> **Ground 1**: Montgomery alleges that his counsel provided ineffective assistance of counsel for failing to appeal his sentence as requested.
>
> **Ground 2**: Montgomery alleges that the District Court erred by enhancing his sentence by the use of sentencing factors.

### Ground One: Request for a Direct Appeal

Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), whether an evidentiary hearing is required in proceedings under 28 U.S.C. § 2255 are evaluated under Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rule 8(a) states:

> **Determining Whether to Hold a Hearing.** If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Further, a full and fair hearing does not necessarily require live testimony; a "paper hearing" can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). However, based upon Timothy Montgomery's assertions in his motion under 28 U.S.C. § 2255 and trial counsel's assertions to the contrary, the issue is whether Montgomery requested that his attorney file a notice of appeal before the deadline for doing so expired. If Montgomery did so, then counsel rendered ineffective assistance; if not, he rendered constitutionally effective assistance. The Fifth Circuit has cautioned that "contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir.1981). The court cannot determine this issue on the current record without live testimony to accurately measure the credibility of the witnesses in the present case, and a hearing on that issue will be set by separate order.

## Ground Two: Propriety of Sentencing Guidelines Calculation

In Ground Two, Mr. Montgomery argues that the court improperly enhanced his sentence by applying sentencing factors. He limits his challenge to the enhancements discussed in paragraphs 27 and 31 of the Presentence Investigation Report ("PSR") prepared by the United States Probation Service. The court will discuss each separately.

## Paragraph 27

Montgomery first challenges the four-level enhancement applied in paragraph 27 of the PSR. Montgomery argues that he was not found by the jury to have struck someone, or attempted a robbery, with a firearm or ammunition; thus, according to Montgomery, the enhancement was frivolous. This argument is without merit because Montgomery was not sentenced according to the guideline calculation in paragraph 27.

As discussed above, U.S.S.G. § 2K2.1(c)(1)(A) provides that U.S.S.G. § 2X1.1 be applied in cases where a defendant used a firearm in connection with the commission of another offense. If that calculation results in an offense level higher than that calculated under U.S.S.G. § 2K2.1, then the higher of the two should be applied. Under U.S.S.G. § 2K2.1, Montgomery's adjusted offense level was 22. Under U.S.S.G. § 2X1.1, which was calculated under U.S.S.G. 2B3.1, Montgomery's adjusted offense level was 31. Therefore, the adjusted level calculated under U.S.S.G. § 2X1.1 – 31 – was the one used for the remainder of the calculations. Thus, Montgomery's argument that this enhancement was improperly applied is unavailing, as it was not the offense level ultimately used to determine his sentence.

In any event, for the same reason, even if the enhancement had not been applied, the proper offense level would have remained 31 because it would be the greater of the two calculations. Had the enhancement not been applied, the adjusted offense level calculated under U.S.S.G. § 2K2.1 would have been 18. The adjusted offense level calculated under U.S.S.G. § 2X1.1, however, would have

remained 31, which is greater than the offense level of 18. Therefore, even accepting Mr. Montgomery's argument that the enhancement of paragraph 27 should not have been applied, the court would have arrived at the same offense level to determine the proper sentence. This argument for relief is thus without merit and will be denied.

**Paragraph 31**

Montgomery argues here that the sentencing court may only consider facts alleged in the indictment when determining the proper sentence after conviction. Specifically, he argues that, because the indictment did not allege that he, personally, struck one of the victims with the butt of a revolver, the court cannot use that fact to support an enhancement of his offense level. Though unclear, it appears that Montgomery has made two similar arguments. First, this ground for relief appears to be a challenge to the sufficiency of the indictment. Second, the ground may also be a challenge to sentencing based upon *Apprendi* and its progeny – the notion that striking one of the victims with the butt of a revolver constituted an *element of the crime*, rather than simply a fact affecting the length of his sentence. Neither view of this ground for relief has merit.

**Sufficiency of the Indictment**

Mr. Montgomery is correct that neither Count Two nor Count Four of the Indictment (the charges to which he pled guilty) contains an allegation that either he or his co-conspirator, Hearn, struck a victim with the butt of a revolver, though the conspiracy charge in Count One alleges that Hearn "struck Burroughs in the face causing Burroughs to fall backwards into a filing cabinet behind the counter." However, as set forth below, an indictment need not describe the evidence government plans to introduce at trial. *United States v. Armstrong*, 951 F.2d 626, 628-629 (5th Cir. 1992).

Count Two of the Indictment reads:

On or about July 9, 2009, in the Northern District of Mississippi, TIMOTHY RYDELL MONTGOMERY and Ryan Dandre Hearn, not charged in this Indictment, aided and abetted by each other, did knowingly steal and unlawfully take and carry

away firearms, that is, a Smith and Wesson Victory Model, .38 caliber revolver, serial number V51538; a Ruger, Model Single Six, .22 caliber revolver, serial number 69-66493; and a Bryco Arms, Model Jennings Nine, 9 mm automatic pistol, serial number 1576141, from the person, premises and business inventory of Gold Exchange pawn shop located in Nettleton, Mississippi, a business licensed to engage in the business of dealing in firearms, which firearms had previously been shipped and transported in interstate commerce, in violation of Title 18, United States Code Sections 2, 922(u) and 924.

Count Four of the Indictment reads:

On or about July 9, 2009, in the Northern District of Mississippi, TIMOTHY RYDELL MONTGOMERY, having previously been convicted of felonies, that is, crimes punishable by terms of imprisonment exceeding one year, that is, possession of a controlled substance, in Cause No. CR02-602 in the Circuit Court of Lee County, Mississippi, and grand larceny, in Cause No. CR02-875 in the Circuit Court of Lee County, Mississippi, knowingly did possess in and affecting commerce firearms, that is, a Smith and Wesson Victory Model, .38 caliber revolver, serial number V51538, a Ruger, Model Single Six, .22 caliber revolver, serial number 69-66493, and a Bryco Arms, Model Jennings Nine, 9 mm automatic pistol, serial number 1576141, which firearms had previously been transported in interstate commerce, in violation of Title 18, United States Code Sections 922(g)(1) and 924.

To the extent that Montgomery is arguing that the indictment was insufficient to support the charge, he is mistaken. "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." *United States v. Scruggs*, 691 F.3d 660, 668 (5th Cir. 2012). A defendant seeking *habeas corpus* relief under 28 U.S.C. § 2255 may challenge the sufficiency of his indictment, *United States v. Armstrong*, 951 F.2d 626, 628 (5th Cir. 1992), and may do so even after pleading guilty. *Id.* "An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Gordon,* 780 F.2d 1165, 1169 (5th Cir.1986) (citing *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)). "The language used must be sufficient to inform the accused of the specific offense with which he is charged." *Id.* at 1170. Finally, and most relevant to Montgomery's claim

here, the indictment need not supply the defendant with the evidentiary details by which the government plans to prove its case. *Id.* at 1172. *Armstrong*, 951 F.2d at 628-629 (5th Cir. 1992). For these reasons, the indictment in this case was sufficient, and this ground for relief is without merit.

*Apprendi*

Montgomery also argues that the finding in paragraph 31 of the PSR, that "the defendant hit the victim, James Gillentine, on the side of the head with [the] handle of a revolver, constitutes an element of the crime charged in Count Two, aiding and abetting theft of firearms – which must be presented to the jury, but was not. Under *Apprendi*, a fact used to support a conviction or sentence is an *element of the crime*, regardless of how a legislature designates the fact, and must be proven beyond a reasonable doubt to a jury, if it is a fact other than prior conviction, and *it authorizes the imposition of a penalty that is more severe than the penalty authorized by law for the offense of conviction alone*. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added). However, in this case, the maximum statutory penalty for aiding and abetting the theft of firearms is ten years imprisonment, as is the maximum statutory penalty for possession of a firearm by a prohibited person. Thus, the maximum statutory penalty for both offenses to which Montgomery pled guilty, if imposed consecutively, is twenty years (240 months). Applying the Guidelines to the facts from the PSR, the advisory sentencing range is from 130 to 162 months, far less than the statutory maximum sentence. Thus, the fact, if proved or admitted, that Montgomery struck one of the victims with the handle of a revolver would *not* authorize imposition of a penalty more severe than that authorized by the statute for the conviction alone. Ultimately, the court imposed a sentence of 120 months for each conviction, to be served concurrently; thus Mr. Montgomery's sentence is half of the 240-month maximum under the statutes. For this reason, *Apprendi* does not come into play under the facts of this case, and Montgomery's claim for relief based upon *Apprendi* must be denied.

### *Pinkerton* Liability

Montgomery further argues that the Indictment did not charge him with striking James Gillentine or the other victim, Mark Burroughs, with a gun. First, without question, both men were assaulted during the commission of the robbery Hearn and Montgomery carried out. Montgomery alleges that he never struck Gillentine; however, at the end of the robbery, one of the defendants struck him in the side of the head with the handle of a revolver. PSR ¶ 13, 31. The issue is not whether Montgomery assaulted either victim in the robbery; the dispositive fact resolving this issue is that both victims were assaulted with the intent to further the conspiracy to commit robbery. Indeed, "an overt act of one partner may be the act of all without any new agreement specifically directed to that act." *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946) (*citing United States v. Kissel*, 218 U.S. 601, 608 (1910)). Under *Pinkerton,* a conspirator can be found guilty of a substantive offense committed by a co-conspirator and in furtherance of the conspiracy, as long as the co-conspirator's acts are reasonably foreseeable." *United States v. Mata,* 491 F.3d 237, 242 n. 1 (5th Cir.2007). *United States v. Danhach*, 815 F.3d 228, 235 (5th Cir. 2016), *cert. denied,* (U.S. Oct. 3, 2016). Montgomery aided and abetted the assaults that day, even if he did not actively take part in them, because he was at the scene and assisting Hearn during the robbery and assaults. Thus, thus, Montgomery is criminally culpable for that substantive offense as though he had actually committed the assault. Montgomery's reliance on *Alleyne v. United States*, 133 S. Ct. 2151 (2013) is misplaced because *Alleyne* dealt with sentence enhancements affecting mandatory minimum or maximum statutory sentences, while the present case involves only the calculation of a sentencing guideline range that falls within the statutory minimum and maximum sentence. *United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014). For these reasons, the six-level enhancement described in paragraph 31 of the

Presentence Investigation Report was appropriate, and Montgomery's argument to the contrary is without substantive merit.

**Conclusion**

In sum, the court will set an evidentiary hearing to determine the facts necessary to decide Montgomery's claim in Ground One of the instant Motion to Vacate, Set Aside, or Correct Sentence that his defense counsel failed to file a notice of appeal when requested. In addition, for the reasons set forth above, Mr. Montgomery's claims in Ground Two of the instant motion will be denied. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of October, 2016.

                                                             /s/ Sharion Aycock
                                                             U. S. DISTRICT JUDGE